# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW YURISIC, )<br>    **Plaintiff,** )<br>  v. )<br>)<br>**EDWARD CARTER, JR., individually and** )<br>**as a Police Officer for the Borough of** )<br>**Greenville,** )<br>    **Defendant.** ) | 2:08-cv-971 |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS *(Document No. 50)* filed by police officer Edward Carter, Jr.. Plaintiff, Matthew Yurisic, has filed a brief in opposition (*Document No. 51*) and Defendant filed a reply brief (*Document No. 54*). The motion is ripe for disposition.

### FACTUAL AND PROCEDURAL BACKGROUND

The incident which gave rise to this lawsuit occurred on May 12, 2007 at approximately 8:00 a.m. Yurisic was 85 years old at the time of the incident. There had been a recent water main break on Water Street in the Borough of Greenville, Pennsylvania, although the street was not yet barricaded to traffic. Yurisic drove his truck through a puddle and into an unexpected sinkhole that had formed as a result of the water main break. Several employees from the Greenville Borough Water Department arrived on the scene and determined that it was necessary to remove Yurisic's vehicle from the sinkhole, as water was pouring out and the situation was becoming increasingly dangerous. It was also necessary for Yurisic to move away

from the area. Officer Carter also arrived on the scene. The police station is located approximately 20-30 feet from the location of the sinkhole.

The parties' respective versions of events differ substantially. Carter, in essence, avers as follows: he offered to help Yurisic and asked him several times to exit his vehicle; Yurisic rejected his offers of assistance, refused to exit the vehicle, became belligerent, used obscene language, grabbed the officer's wrist, and struck the officer in the abdomen; Carter then used the minimum amount of force necessary to remove Yurisic from the truck, for his own safety, and escort him to the police station. Yurisic was detained for 10-20 minutes to obtain his identification and issue a citation for disorderly conduct. Thereafter, Carter offered to drive Yurisic to the hospital and when he refused, personally drove Yurisic home. En route, Carter informed Yurisic's son, Michael, of the incident and expressed concern. The charge against Yurisic was voluntarily dismissed.

Yurisic disputes important aspects of this account. Yurisic testified in his deposition that by the time Officer Carter arrived, he had already exited the truck, walked out of the puddle onto dry pavement, and was trying to call his son, Rick, to tow his truck. Yurisic also contends that Carter did not offer to help him, but rather, demanded that his vehicle be immediately removed or it would be towed. Plaintiff objected to paying for a tow truck because his son, whose business was located directly across the street, could tow it for free. Yurisic testified that he obeyed Officer Carter's order to not re-enter the truck, and merely leaned through the door to retrieve his cell phone and eye drops. Without warning, according to Plaintiff, Officer Carter stated "I'm tired of fussing with you. . .I am going to give you a citation" and grabbed him from behind and removed him by force to the police station, using a knee in his back. Yurisic

2

testified that he asked Carter to "let go" because Carter was aggravating his rheumatoid arthritis. Yurisic claims that while in the police station, he pleaded to stand up to relieve his back pain, but Carter directed him to remain seated or he would be put in jail. Plaintiff attached photographs which depict extensive bruising on his left forearm and hand and stated that he was bed-ridden for two days after the incident. Yurisic denies having ever used vulgar language or having struck the police officer.

Yurisic brought this lawsuit under Section 1983 to effectuate his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. Defendant moved for summary judgment, which the Court denied as to Yurisic's Fourth Amendment claims for unlawful arrest and the use of excessive force. The Court conducted a three-day jury trial on May 17-19, 2010. At the close of Plaintiff's case in chief, Defendant made a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50, which the Court denied. Ultimately, the jury found in favor of Defendant. Defendant is now seeking to recover attorneys fees and costs in an amount in excess of $30,000.

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 1988, the Court has discretion to award reasonable attorney fees and costs to the prevailing party in a civil rights case. Fees may be recovered, in theory, by a prevailing Defendant, although the standard is quite stringent. As the Supreme Court explained in *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (emphasis added):

> In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), we held that the defendant in an action brought under Title VII of the Civil Rights Act of 1964 may recover attorney's fees from the plaintiff only if the District Court finds "that

the plaintiff's action was **frivolous, unreasonable, or without foundation**, even though not brought in subjective bad faith." *Id.*, at 421, 98 S.Ct., at 700. Although arguably a different standard might be applied in a civil rights action under 42 U.S.C. § 1983, we can perceive no reason for applying a less stringent standard. The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. As we stated in *Christiansburg*:

> To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

*See also Barnes Foundation v. Township of Lower Merion*, 242 F.3d 151, 158 (3d Cir. 2001).

Although defense counsel cited *Christiansburg,* he omitted discussion of the applicable standard in his original brief and instead suggested to the Court (based on a citation to a Copyright Act case) that "prevailing plaintiffs and prevailing defendants are to be treated alike." Defense counsel failed to cite *Barnes*, the applicable mandatory precedent in the Third Circuit, in his original brief. Only after Plaintiff set forth the correct standard did Defendant acknowledge it in his reply brief.

#### DISCUSSION

The Fourth Amendment to the United States Constitution states, in relevant part:

**The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.**

4

In the instant case, Yurisic alleged that Officer Carter violated his Fourth Amendment rights in that he was arrested without probable cause and/or with use of excessive force in conducting the arrest. When a citizen reasonably believes that his constitutional rights under the Fourth Amendment have been violated, that citizen is entitled to pursue a federal lawsuit to effectuate those rights. Indeed, upholding the constitutional rights of citizens is one of the most important tasks of the federal judiciary.

Defendant argues that he is entitled to fees because Plaintiff failed to make a settlement demand during an Early Neutral Evaluation session or during the discovery process, while Defendant made three assertedly reasonable offers. This argument falls far short of meeting the applicable standard.

The Court is intimately familiar with the facts of this case and cannot find that Mr. Yurisic's claim was frivolous, unreasonable or without foundation. Mr. Yurisic's claim survived summary judgment for the reasons set forth in the Court's Memorandum Opinion and Order dated December 22, 2009 and survived a Rule 50 motion after his evidence was presented at trial. Mr. Yurisic apparently suffered some injury when he was arrested by Officer Carter on May 12, 2007 – the issue that was uniquely within the purview of the jury was whether Officer Carter had acted "reasonably." The Court is loath to chill the exercise of Mr. Yurisic's constitutional rights by awarding fees, merely because the jury did not find in his favor. *See Christiansburg*. Nor will the Court penalize Plaintiff for refusing Defendant's settlement offers, despite the Court's encouragement that he accept. Even though Plaintiff, in retrospect, would have fared better financially had he accepted a settlement, Mr. Yurisic was entitled to have his day in Court and to seek an "official" determination from a neutral fact-finder that his rights had been violated.

**CONCLUSION**

In summary, Defendant has fallen short of the rigorous standard necessary for a prevailing Defendant to recover attorneys fees and costs. Accordingly, DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS *(Document No. 50)* will be **DENIED**.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW YURISIC,<br>          Plaintiff,<br>   v.<br><br>EDWARD CARTER, JR., individually and<br>as a Police Officer for the Borough of<br>Greenville,<br>          Defendant. | 2:08-cv-971 |

## ORDER OF COURT

AND NOW, this 21st day of September, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND NON-TAXABLE COSTS *(Document No. 50)* is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:      Robert Varsek, Esquire
            Email: rrb@csonline.net

            Mark Hamilton, Esquire
            Email: mhamilton@c-wlaw.com

            Philip Sbrolla, Esquire
            Email: psbrolla@c-wlaw.com